**Alice Lauff, Plaintiff-Appellant, v. David Lauff, Defendant-Appellee.**

Gen. No. 68–21.

Third District.

September 19, 1968.

John L. Moore, of Oregon, for appellant.

Besse & Besse, of Sterling, for appellee.

STOUDER, J.

Plaintiff-Appellant, Alice Lauff, filed her petition in the Circuit Court of Whiteside County seeking issuance of a contempt citation against Defendant Appellee, David Lauff, to enforce a child custody order. Defendant filed a petition seeking to modify the custody order and asking that the custody of the children be awarded to him. The trial court denied plaintiff's petition for citation, granted defendant's petition and thereupon modified the custody provision of the divorce decree by awarding custody of the minor children to defendant. It is from this order that plaintiff appeals.

The parties were divorced by a decree entered in the Circuit Court of Whiteside County in June, 1964. By the terms of the decree the custody of the two minor daughters of the parties, aged seven and five was awarded to plaintiff. She exercised custody of said daughters until on or about November 11, 1965, during which period defendant visited the children and so far as the record reveals conducted himself as a proper father. On the 11th day of November, 1965, plaintiff left the children with their paternal grandparents. There is some conflict in the evidence concerning what transpired after the children were left with their grandparents. According to plaintiff she returned a few days later to get the children and the grandmother refused to return them. According to plaintiff she made other efforts to secure a return of the children between November 11, 1965, and November 30, 1967, the date of the filing of the petition in this case.

The grandmother denied the plaintiff's testimony and stated that the plaintiff had left the children with her on the November date explaining that she, the plaintiff, would be out of town. No extra clothes were left with the children and the grandmother testified that she expected the plaintiff to return for the children within the next day or two but that when she failed to do so within

a week the defendant father came and got the children, who have since remained with him. The defendant father also denied that plaintiff had made any efforts to secure a return of the children and indicated further that the only time plaintiff had seen the children was inadvertently when she met the children on the street some eight months after the children came to live with their father. Defendant remarried in May, 1965, and plaintiff remarried in October, 1966.

Without detailing the evidence we believe there is ample evidence to support the following conclusions: First, although the evidence is conflicting, we believe it sufficient to support a determination that after plaintiff left the children with the grandparents in November, 1965, she made no effort to secure a return of custody until the filing of this petition. Secondly, due to physical, mental and emotional problems the plaintiff, at the time she left such children with their grandparents, was unable to properly care for them and these conditions have persisted during the period involved. Thirdly, the defendant's custody of the children on and after November, 1965, was for the best interests of the children. Fourthly, at the time of the original decree of divorce and at the time of the hearing on this petition, each of the parties was a fit and proper custodian for the children and each had adequate physical facilities to provide for their care.

Plaintiff argues that the trial court abused its discretion in awarding the custody of the children to defendant and in failing to require defendant to return the children to her. The familiar authorities on the custody of children have been called to our attention. Nye v. Nye, 411 Ill 408, 105 NE2d 300 and Wade v. Wade, 345 Ill App 170, 102 NE2d 356. These authorities emphasize the importance of the maternal relationship to the proper care and development of children and also indicate that the

primary concern of the court is the best interests of the children. It may be also said that the custody of minor children by the mother will be preferred unless there are compelling reasons which in the best interests of the children require other custodial arrangements.

It is also well settled that a decree which provides for the custody of minor children should not be modified unless there has been a change of circumstances affecting the best interests of the children. The principal reason for this rule is that the best interests of children are not served by a disturbance of the continuity of custodial arrangement. Although the plaintiff is not seeking a modification of the original custodial decree she is seeking to modify a custodial arrangement which had existed for a substantial period of time albeit without court approval. We believe that the same reasoning is applicable and that there is ample evidence in the record from which the trial court could properly conclude that the continuance of the custodial arrangements made by the parties better served the interests of the children than any disturbance therewith.

Plaintiff also argues that it was the duty of the defendant to seek and secure at some prior time the modification of the custodial decree and that because he failed to do so he should now be precluded from opposing the plaintiff's petition. We do not believe that any different duty devolved upon defendant than upon plaintiff and in any event we fail to see how such circumstance has any bearing on the interests of the children.

For the foregoing reasons the decree of the Circuit Court of Whiteside County is affirmed.

Decree affirmed.

ALLOY, P. J. and CULBERTSON, J., concur.